**Ilir JAKUPI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

**No. 04–5109–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2006.

Tamara A. French, Detroit, MI, for Petitioner.

Andrew A. Bobb, Assistant United States Attorney (Daniel David Hu, Assistant Attorney General, Chuck Rosenberg, United States Attorney for the Southern District of Texas, on the brief), Houston, TX, for Respondent.

Present: DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges, EDWARD R. KORMAN, District Judge.[2]

### SUMMARY ORDER

Petitioner Ilir Jakupi petitions for review of the September 7, 2004, decision of the Board of Immigration Appeals ("BIA") affirming the decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

"When a decision of the BIA, or that of an IJ, is before this court on appeal, we review factual findings under the substantial evidence standard," but "if the issue on appeal involves the proper application of legal principles to the facts and circumstances of the individual case at hand, our review has been de novo." *Secaida-Ro-*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

2. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

*sales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). Here, the BIA's denial of asylum rested on two independent legal grounds: (1) that the harm suffered by Jakupi did not rise to the level of persecution, and (2) that Jakupi was not subjected to that harm on the basis of a protected ground.

As to the first ground, we have previously said that "if the immigration court, having correctly applied the definition of persecution to the facts of this case, had determined on the basis of the whole record that petitioner's mistreatment indeed constituted harassment, we would have no quarrel with the decision; for we recognize that the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis. But this the immigration court did not do." *Ivanishvili v. DOJ*, 433 F.3d 332, 341 (2d Cir.2006). The same is true here. The BIA found that Jakupi credibly testified to, among other things, threats on his life. These threats cannot be ignored simply because they were anonymous, *see Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005), and it is not clear why the BIA found they did not rise to the level of persecution. Because the contours of the definition of persecution should be decided by the agency in the first instance, we remand this case to the BIA for it to clarify whether the threats and other hardships here rise to the level of persecution under the Immigration and Nationality Act. *See Gonzales v. Thomas*, —— U.S. ——, ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006); *Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir.2005).

Furthermore, because the other basis for the BIA's decision is contrary to our caselaw, it cannot serve as an alternative ground on which to avoid a remand. We have held that "opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir.2005). There is evidence in the record from which the BIA could conclude that the corruption Jakupi encountered and opposed is pervasive in Albania, that his opposition to the corruption amounts to a political opinion, and that if Jakupi was persecuted for that opposition, the persecution was therefore on account of a protected ground.

Because Jakupi has not raised his withholding of removal claim in his brief to this court, it has been waived. *See Yueqing Zhang*, 426 F.3d at 541 n. 1. The BIA's denial of Jakupi's CAT claim was supported by substantial evidence, so it will not be disturbed. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

For the forgoing reasons, Jakupi's petition for review is GRANTED in part, with regard to the denial of asylum, and DENIED in part, with regard to the denial of withholding of removal and CAT relief. The BIA's decision is VACATED in part for the foregoing reasons, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, Jakupi's motion for a stay of removal is DENIED as moot.